IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ANABEL CABEBE,<br><br>    Petitioner,<br><br>    vs.<br><br>ESTELA DERR, WARDEN,<br><br>    Respondent. | CIVIL NO. 22-00496 SOM-KJM<br><br>ORDER DENYING PETITIONER ANABEL CABEBE'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 |

**ORDER DENYING PETITIONER ANABEL CABEBE'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**I.       INTRODUCTION.**

Anabel Cabebe seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  *See* ECF No. 1.  She argues that the Bureau of Prisons (BOP) failed to accurately calculate her release date by not factoring in her Earned Time Credits (ETCs), as required by the First Step Act (FSA), and her "1/3 Elderly Offender Credits."[1]  *See id.*; *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  The BOP contends that this matter should be dismissed for failure to exhaust administrative remedies.  *See* ECF No. 5, PageID # 11-14.  The BOP also argues

---

[1] Cabebe alternately refers to Elderly Offender Credits as "1/3 Elderly Offender Credits" and "2/3 Elderly Offender Credits."  *See e.g.*, ECF No. 1, PageID # 2; ECF No. 6, PageID # 31.  The distinction is irrelevant here because both parties recognize that the relevant program takes effect once an inmate has served two-thirds of her sentence, and makes her eligible for home confinement throughout the final third of her term of imprisonment.

that Cabebe's petition should be dismissed as moot because the agency has already recalculated Cabebe's release date to reflect her ETCs and because the relief available to elderly offenders does not affect an individual's release date. The court concludes that Cabebe has failed to exhaust her administrative remedies and denies her petition on that ground.

**II.      BACKGROUND.**

In January 2021, after she was found guilty of fraud and conspiracy charges, Cabebe was sentenced to 37 months of imprisonment and three years of supervised release. *See* ECF No. 5-1, PageID # 20. When Cabebe began serving her term of imprisonment, in July 2021, the BOP calculated her statutory release date as March 8, 2024. *See id*.

Cabebe filed this petition in November 2022, alleging that the BOP had not recalculated her release date to reflect her ETCs and the relief that she was entitled to as an elderly offender. *See* ECF No. 1. The Government responded on February 14, 2023, arguing that the matter is moot because, on January 19, 2023, the BOP updated Cabebe's release date to reflect the ETCs she had earned. *See* ECF No. 5, PageID # 8.[2] Additionally, the BOP urged the court to dismiss the petition based on Cabebe's failure to exhaust administrative remedies. *See* ECF No. 5,

---

[2] Based on the BOP's new calculations, Cabebe is eligible for home confinement as of July 21, 2023 and release from custody on November 9, 2023. *See* ECF No. 5, PageID # 8.

PageID # 11-14.

The following day, Cabebe filed a supplemental brief (written before she received the Government's Response) asserting that her newly calculated release date should be February 12, 2023.[3]  She then filed a Reply to the Government's Response, in which she conceded that the BOP had updated her release date, but argued that the agency had erred by refusing to give her ETCs for her time spent in a contract facility in Pahrump, Nevada.  *See* ECF No. 7, PageID # 35.[4]  The BOP then filed a Supplemental Brief (as directed by the court), reiterating that the relief available for elderly offenders does not affect an inmate's release date and that BOP regulations provide that ETCs do not accrue while an individual is housed at a contract facility.  *See* ECF 10.  Cabebe then filed one more supplemental brief, in which she agreed with the BOP that the relief available for elderly offenders has no bearing on her release date.  *See* ECF No. 11.

---

[3] After filing her original petition, Cabebe filed four supplemental briefs in this matter.  *See* ECF Nos. 6, 7, 9, 11.  Pursuant to the court's Order, issued on January 3, 2023, Cabebe was only permitted to file a single Reply.  Nevertheless, in light of Cabebe's *pro se* status and the lack of prejudice to the Government, the court, in its discretion, considers Cabebe's supplemental briefs.

[4] Cabebe filed another brief on March 8, 2023, asking the court to grant her compassionate release.  The court will not construe Cabebe's petition as a motion for compassionate release.  Should she want to file such a motion, Cabebe is directed to file a motion requesting such relief in the criminal case in which she was sentenced.  Such a motion will be addressed by the judge who sentenced her rather than by the present judge.

**III.     DISCUSSION**

Section 2241 enables those in custody to "challenge the manner, location, or conditions of [their] sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). It is a proper vehicle for challenging the BOP's calculation of an inmate's statutory release date. *See e.g.*, *Keegan v. Derr*, No. CV-22-00089, 2023 WL 2403941 (D. Haw. Mar. 8, 2023) (granting in part a § 2241 petitioner's request for recalculation of his statutory release date); *Walsh v. Boncher*, No. 22-cv-11197, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) ("In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition." (quotation marks omitted)).

There is no statutory exhaustion requirement in § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *See id*. Here, Cabebe concedes that she failed to exhaust her administrative remedies before filing this petition. *See* ECF No. 1. She argues that the court should still allow her to proceed because it would have been futile to pursue administrative remedies, *see* ECF No. 7, and because had she done so, she would have suffered irreparable harm, *see* ECF No. 1. The Government disagrees,

contending that there is no basis for waiver here.  *See* ECF No. 5.

Exhaustion is not a jurisdictional prerequisite and courts are able to waive it.  *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012).  Futility and irreparable harm are both legitimate bases for doing so.  *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).  But here, Cabebe has not demonstrated that either basis for waiver is applicable.

Cabebe fails to show that pursuing administrative remedies would have been futile.  Her futility argument relies on her assertion that the BOP lost her remedy requests.  *See* ECF No. 7.  But BOP records demonstrate that her requests (which were received, *see* ECF No. 5-2) did not discuss ETCs or relief for elderly offenders.  *See* ECF No. 5-1.  Thus, even if Cabebe had pursued relief through all four levels of the BOP's Administrative Remedy Program, she still would not have satisfied the exhaustion requirement relating to the relief she seeks here. *Cf*. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (finding that the respondent failed to satisfy exhaustion because he did not apprise the state court of the claims that he asserted in court).

Cabebe has also failed to demonstrate that the delays associated with pursuing administrative remedies would have caused her irreparable harm.  If her release date had already passed, her argument would indeed have merit.  Certainly, there

is irreparable harm when someone is made to file multiple administrative complaints long after a statutory release date. *Cf*. *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 778 (N.D. Cal. 2019) ("If Petitioner . . . is not a current danger to society, then every day he remains in custody without an opportunity to make this showing at a bond hearing causes him irreparable harm."). But that is not the case here. Cabebe's assertion that her release date has already passed is premised on a plain misunderstanding of BOP policy. Pursuant to 28 C.F.R. § 523.41(c)(4)(ii), the BOP does not consider those with a "[d]esignation status outside the institution" (including those housed at contract facilities) to be successfully participating in recidivism reduction programs or productive activities. *See* ECF No. 10, PageID # 50–51. They are thus ineligible to receive ETCs during the course of their stay. *See id*.

Notwithstanding BOP policy and 28 C.F.R. § 523.41, Cabebe argues that she is lawfully entitled to ETCs for her time in Pahrump. *See* ECF No. 7; ECF No. 11 (asserting that the statute is "preemptive . . . meaning that I qualify for credits even if programming or productive activities is [sic] not available while in the custody of the Bureau of Prisons."). But the court is not persuaded by Cabebe's conclusory claim that the

6

relevant BOP policy does not apply to her.[5]  Accordingly, the court sees no indication that Cabebe's release date is imminently approaching.

Considering that her home confinement eligibility date and statutory release date remain months away, the court concludes that Cabebe will not suffer irreparable harm by being made to exhaust administrative remedies.

**IV.    CONCLUSION.**

Cabebe filed this petition without first exhausting her administrative remedies.  She has shown no persuasive basis for waiving this prudential requirement.  Accordingly, the court denies her petition on the grounds of failure to exhaust.

The Clerk of Court is directed to terminate this action and to close this case file.

/ /

/ /

/ /

---

[5] In a § 2241 petition, the petitioner has the "burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." *Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996), *as amended on denial of reh'g* (Sept. 4, 1996). If Cabebe was attempting to argue that BOP policy or 28 C.F.R. § 523.41 are violative of the law or the Constitution, she has failed to meet her burden in doing so.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Anabel Cabebe v. Estela Derr, Warden,* CR. NO. 22-00496 SOM-KJM; ORDER DENYING DEFENDANT ANABEL CABEBE'S PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241.