IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ANABEL CABEBE,<br><br>    Petitioner,<br><br>    vs.<br><br>ESTELA DERR, WARDEN,<br><br>    Respondent.<br>_____ | CIVIL NO. 22-00496 SOM-KJM<br><br>ORDER DENYING PETITIONER ANABEL CABEBE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING HER PETITION UNDER 28 U.S.C. § 2241 AS UNEXHAUSTED |

**ORDER DENYING PETITIONER ANABEL CABEBE'S
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING HER PETITION UNDER 28 U.S.C. § 2241 AS UNEXHAUSTED**

**I.      INTRODUCTION.**

On November 25, 2022, Anabel Cabebe filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. She argued that the Bureau of Prisons had failed to accurately calculate her release date, having not factored in either her Earned Time Credits as required by the First Step Act or her "1/3 Elderly Offender Credits." *See id.*; *see also* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

On March 30, 2023, this court denied Cabebe's § 2241 petition because she had not exhausted her prison remedies before filing suit. *See* ECF No. 12.

On May 4, 2023, Cabebe sought reconsideration of the court's denial of her § 2241 petition. *See* ECF No. 14. The reconsideration motion and the Reply in support of it reargued

the merits of the underlying § 2241 petition, but did not address the reason that the court had denied it.  That is, the reconsideration motion did not address Cabebe's failure to exhaust her prison remedies.  It does not show that timely administrative relief is unavailable.  It therefore provides no reason for the court to reconsider its order.  Accordingly, Cabebe's motion for reconsideration is denied.

II.     **RECONSIDERATION STANDARD.**

A successful motion for reconsideration must demonstrate why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reconsider its ruling.  See *Barnes v. Sea Haw. Rafting, LLC*, 2020 WL 4722377, at *4 (D. Haw. Aug. 13, 2020); *Matubang v. City & Cty. of Honolulu*, 2010 WL 2176108, *2 (D. Haw. May 27, 2010).  Three grounds justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  See *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Mustafa v. Clark County Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998).

III.    **ANALYSIS.**

Section 2241 enables those in custody to "challenge the manner, location, or conditions of [their] sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).  It is

a proper vehicle for challenging the Bureau of Prison's calculation of an inmate's statutory release date. *See e.g.*, *Keegan v. Derr*, No. CV-22-00089, 2023 WL 2403941 (D. Haw. Mar. 8, 2023) (granting in part a § 2241 petitioner's request for recalculation of his statutory release date); *Walsh v. Boncher*, No. 22-cv-11197, 2023 WL 363591, at *2 (D. Mass. Jan. 23, 2023) ("In particular, a petitioner may challenge computation of a prisoner's sentence by prison officials via a section 2241 petition." (quotation marks omitted)).

There is no statutory exhaustion requirement in § 2241. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *See id*. Here, Cabebe conceded that she had failed to exhaust her administrative remedies before filing this petition. *See* ECF No. 1, PageID # 2 ("I admit that I did not exhaust my administrative remedies before seeking relief under 28 U.S.C. § 2241.")

Exhaustion is not a jurisdictional prerequisite and may be waived when futile or when irreparable harm would result. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012); *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). The court ruled that Cabebe did not demonstrate that waiver was appropriate. *See* ECF No. 12. Cabebe's reconsideration motion fails to show that

waiver of the exhaustion requirement is appropriate. Accordingly, it provides no reason for the court to reconsider its earlier ruling that she failed to exhaust her administrative remedies.

**IV.    CONCLUSION.**

Cabebe's § 2241 petition was denied because she had failed to exhaust her administrative remedies. Cabebe's motion for reconsideration reargues the merits of her petition, without addressing her failure to exhaust administrative remedies. Accordingly, the court denies her reconsideration motion, as it fails to address the basis of the court's order.

Rather than immediately asking this court to determine her credits, Cabebe should first proceed through the prison administrative process with respect to those credits.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Anabel Cabebe v. Estela Derr, Warden,* CR. NO. 22-00496 SOM-KJM; ORDER DENYING PETITIONER ANABEL CABEBE'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING HER PETITION UNDER 28 U.S.C. § 2241 AS UNEXHAUSTED